IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| DARYL L. DAVIS, | § § § | |
| Plaintiff, | § § | CIVIL ACTION NO. 6:24-CV-00207-JCB |
| v. | § § § | |
| DON WARREN, MAYOR; SHIRLEY MCKELLAR, COUNCIL MEMBER; DEBORAH PULLUM, CITY ATTORNEY; JIMMY TOLAR, POLICE CHIEF, CITY OF TYLER; JAMES GOODMAN, POLICE OFFICER; TIMONTHY HUTSON, POLICE OFFICER; GARRETT MARTIN, POLICE OFFICER; BLAKE KELLY, POLICE OFFICER; KRIS DAVIS, DETECTIVE; LARRY SMITH, SHERIFF; NEAL FRANKLIN, COUNTY JUDGE; JACOB PUTMAN, DISTRICT ATTORNEY; RALPH CARAWAY, SR, COMMISSIONER PRECINCT 4; JOANN HAMPTON, FORMER COMMISSIONER PRECINCT 4; E B JOHNSON, POLICE SUPERVISOR; AND J RACKLIFF, POLICE SUPERVISOR; | § § § § § § | |
| Defendants. | | |

REPORT AND RECOMMENDATION OF
UNITED STATES MAGISTRATE JUDGE

On June 10, 2024, Plaintiff Daryl Davis, proceeding pro se and requesting to proceed *in forma pauperis*, filed the instant action alleging claims pursuant to 42 U.S.C. § 1983. (Doc. No. 1.) On June 11, 2024, the court issued an order directing Plaintiff to amend his complaint in this matter. (Doc. No. 4.) The court outlined the deficiencies in Plaintiff's complaint and specifically ordered Plaintiff to respond to the issue of whether his complaint should be dismissed as time-

1

barred and whether any tolling provisions apply to the filing of his complaint. *Id*. On June 25, 2024, Plaintiff filed an amended complaint. (Doc. No. 6.) Pursuant to § 1915(e)(2), the court now reviews these allegations.

> 28 U.S.C. § 1915(e)(2) provides that:
>
> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that—
>
> (A) the allegation of poverty is untrue; or
>
> (B) the action or appeal—
>
> > (i) is frivolous or malicious;
> >
> > (ii) fails to state a claim on which relief may be granted; or
> >
> > (iii) seeks monetary relief against a defendant who is immune from such relief.

A complaint fails to state a claim upon which relief may be granted where it does not allege sufficient facts which, taken as true, state a claim which is plausible on its face and thus does not raise a right to relief above the speculative level. *See Montoya v. FedEx Ground Packaging Sys. Inc.*, 614 F.3d 145, 149 (5th Cir. 2010) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)); *see also* Fed. R. Civ. P. 8 (To state a plausible claim for relief, a pleading must contain (1) "a short and plain statement of the grounds for the court's jurisdiction," (2) "a short and plain statement of the claim showing that the pleader is entitled to relief," and (3) "a demand for the relief sought"). A claim has factual plausibility when the pleaded factual content allows the court to draw reasonable inferences that the defendant is liable for the misconduct alleged. *See Hershey v. Energy Transfer Partners, L.P.*, 610 F.3d 239, 245 (5th Cir. 2010); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A pleading offering "labels and conclusions" or a "formulaic recitation of the elements of a cause of action" will not suffice, nor does a complaint which provides only naked assertions that are devoid of further factual enhancement. *Iqbal*, 556 U.S. at 678.

The pleading of a *pro se* plaintiff is to be "liberally construed" and is "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). Nevertheless, even with *pro se* litigants, "conclusory allegations or legal conclusions masquerading as factual conclusions" are not sufficient for a well-pleaded complaint. *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378 (5th Cir. 2002) (quoting *S. Christian Leadership Conf. v. S. Ct. of State of La.*, 252 F.3d 781, 786 (5th Cir. 2001)). If the facts alleged in a complaint do not permit the court to infer more than the mere possibility of misconduct, a plaintiff has not shown entitlement to relief. *See Rios v. City of Del Rio, Tex.*, 444 F.3d 417, 421 (5th Cir. 2006).

## I.  Plaintiff's Complaints

Plaintiff's original complaint purports to allege constitutional violations pursuant to 42 U.S.C. § 1983 against Defendants Don Warren, Shirley McKellar, Deborah Pullum, Jimmy Tolar, James Goodman, Timothy Hutson, Garrett Martin, Blake Kelly, Kris Davis, Larry Smith, Neal Franklin, Jacob Putman, Ralph Caraway Sr., JoAnn Hampton, EB Johnson, and J Rackliff (collectively "Defendants"). Plaintiff's factual allegations, construed liberally, arise from a traffic stop on the night of February 7, 2019. (Doc. No. 1, at 10.) Plaintiff alleges that he was pulled over by Defendant Officer James Goodman for failing to stop at a stop sign, but that the stop was actually part of a drug sting as Plaintiff was leaving a known crack house. *Id.* at 9–10. Plaintiff alleges that as part of the stop Defendant Officers Timothy Hutson, Garrett Martin, Blake Kelly, and Kris Davis used excessive force by choking him, twisting his hands and arms, and throwing him onto the hood of a police car. *Id.* at 10. Plaintiff alleges that he was falsely accused of ingesting crack and was taken to the hospital by Officer Goodman. *Id.* Plaintiff states that he was held in the emergency room for several hours without testing or treatment for having ingested crack cocaine.

*Id.* at 9. Plaintiff alleges that he was then transported to jail and that he posted bond on February 8, 2019. *Id.* Plaintiff states that after his release on February 8, 2019 through May 1, 2024, he started talking with various city and county officials about his traffic stop and racial profiling. *Id.* Plaintiff states that he is suing Defendants in both their individual and official capacities for violations of the Fourth, Eighth, and Fourteenth Amendments. *Id.* at 12. Plaintiff seeks a total of $75,000,000.00 in damages and requests policy change. *Id.*

In his amended complaint, Plaintiff does not add to his factual allegations, but addresses the issue of whether his claims are time-barred. (Doc. No. 6.) Plaintiff alleges that on May 13, 2024, the charges against him were dismissed. (Doc. No. 6, at 2.) Plaintiff argues that his allegations were therefore tolled pursuant to *Heck*. *Id.* Plaintiff argues that under Texas tolling provisions, his § 1983 claims were tolled upon his indictment on September 19, 2019 and began to start running again on May 13, 2024. *Id.* Plaintiff argues that the filing of his case on June 10, 2024 was therefore timely. *Id.* Plaintiff further argues that the Eleventh Amendment does not bar his claims for money damages against county officials and cites the *Ex Parte Young* doctrine. *Id.* at 6–7. Plaintiff attaches his September 19, 2019 indictment (Doc. No. 6-1), as well as Plaintiff's May 13, 2024 Judge of Conviction by the Court for the offense of Interference with Public Duties (Doc. No. 6-2).

## II. The Statute of Limitations

As stated, Plaintiff has brought his claims in this action pursuant to 42 U.S.C. § 1983 for alleged constitutional violations. There is no federal statute of limitations for 42 U.S.C. § 1983 actions; the relevant statute of the forum state furnishes the limitations period—but federal law determines the date the accrual commences. *See Owens v. Okure*, 488 U.S. 235 (1989). The statute of limitations in Texas for section 1983 actions is two years, as claims under section 1983 are

governed by Texas's two-year, personal-injury limitations statute. *See Helton v. Clements*, 832 F.2d 332, 334 (5th Cir. 1987) ("Civil rights actions brought under 42 U.S.C. §§ 1981, 1983, 1985, and 1988 are deemed analogous to Texas tort actions, and therefore, the applicable limitations period is … two years."); *see also Wade v. City of Dallas*, 2018 WL 3966358 *1–2 (N.D. Tex. July 16, 2018) (citing and quoting *Helton*, 832 F.3d at 334).

The Fifth Circuit has stated that "the limitations period begins to run 'the moment the plaintiff becomes aware that he has suffered an injury or has sufficient information to know that he has been injured." *See Piotrowski v. City of Houston*, 237 F.3d 567, 576 (5th Cir. 2001) (internal citation and quotations omitted); *Shelby v. City of El Paso, Tex.*, 577 F. App'x 327, 331–32 (5th Cir. 2014) (per curiam) ("The standard in § 1983 actions provides 'that the time for accrual is when the plaintiff knows or has reason to know of the injury which is the basis of the action.'") (quoting *Burrell v. Newsome*, 883 F.2d 416, 418 (5th Cir. 1989)).

Here, Plaintiff's claims for unlawful arrest, malicious prosecution, unlawful detention, and excessive use of force all relate to his traffic stop, arrest, and detainment that occurred on February 7, 2019 and February 8, 2019—over five years prior to the filing of his complaint in this action. Plaintiff was indisputably aware of the facts that he now states provide a claim at the time they occurred over five years ago—that he was allegedly stopped under false pretenses, wrongfully accused of ingesting crack cocaine, and arrested with force used upon him. Thus, Plaintiff's claims related to his February 7–8, 2019 arrest and detainment are only timely if tolling applies.

Plaintiff argues that the *Heck* provides for tolling in this case and that that under Texas tolling provisions, his § 1983 claims were tolled upon his indictment on September 19, 2019 and began to start running again on May 13, 2024. Addressing first the application of *Heck* to this matter, in *Heck*, the Supreme Court held that when a plaintiff seeks to recover damages under

5

§ 1983 for actions whose unlawfulness would render a conviction or sentence invalid, he must first prove that the conviction or sentence has been reversed, expunged, invalidated, or otherwise called into question. *Heck v. Humphrey*, 512 U.S. 477, 486 (1994).

Here, Plaintiff was arrested on February 7, 2019, indicted on September 19, 2019, and convicted of Interfering With Public Duties by plea of nolo contendere on May 13, 2024. (Doc. Nos. 6, 6-1, 6-2.) *Heck* applies to Plaintiff's conviction obtained by a nolo plea. *See Hernandez v. Boles*, 184 F.3d 819 (5th Cir. 1999) (applying *Heck* to a conviction obtained by a plea of nolo contendere). Thus, Plaintiff is correct that to the extent his § 1983 claims call into question his Interference With Public Duties conviction, his claims would indeed be barred by *Heck* and subject to dismissal at present as Plaintiff has provided no evidence that his conviction by has been overturned. But the court need not wade into a *Heck* analysis if Plaintiff's claims remain untimely.

Here, if Plaintiff's claims are not subject to *Heck*, then they remain untimely as *Heck* would not provide a basis for tolling. Given *Heck's* prospective bar to a civil claim that may accrue prior to a conviction, but for which the validity of the conviction would be called into question by the claim, the Supreme Court considered whether tolling should apply to such claims in *Wallace v. Kato*, 549 U.S. 384, 394–95 (2007). There, the Court plainly held that "the statute of limitations upon a § 1983 claim seeking damages for a false arrest in violation of the Fourth Amendment, where the arrest is followed by criminal proceedings, begins to run at the time the claimant becomes detained pursuant to legal process." *Id.* at 397. Thus, the statute of limitations on Plaintiff's alleged § 1983 claims began to run at the time he alleges he was legally detained on February 7, 2019. The Court posited that where a suit is filed upon arrest, dismissed pursuant to *Heck*, and then refiled once the *Heck* conditions were met, tolling of time to refile the suit once the *Heck* bar was removed would be appropriate. *Id.* at 395, n. 4. But the Court did not need to consider

6

tolling under these circumstances in *Kato* because there, like in the instant case, the petitioner did not file an initial suit upon arrest or at any point during the limitations period. Plaintiff has provided no evidence, and the court can find no indication by a search of its docket, that Plaintiff previously brought a suit on these claims that was dismissed or stayed pursuant to *Heck* or *Kato*. Thus, this is not the "unusual case" that fits neatly within the doctrine of equitable tolling.

Plaintiff cites to a general proposition that in Texas the statute of limitations pauses when an individual is charged and does not start counting down until the charges are dismissed. (Doc. No. 6, at 4.) Plaintiff cites no authority for this Texas tolling provision, and the only provision of this type is set forth in the Texas Code of Criminal Procedure and applies to tolling the statute of limitations for a subsequent indictment. *See* Tex. Code Crim. Proc. Ann. art. 12.05 ("the time during the pendency of an indictment, information, or complaint shall not be computed in the period of limitation"). Thus, this tolling provision is plainly inapplicable to Plaintiff's civil claims. Plaintiff has not cited, and the court is unaware, of any other equitable tolling provisions that would apply to the case at hand. *Kato*, 549 U.S. at 396 ("[e]quitable tolling is a rare remedy to be applied in unusual circumstances, not a cure-all for an entirely common state of affairs."). Accordingly, Plaintiff's § 1983 claims related to his February 2019 arrest and detention should be dismissed without prejudice as barred by the statute of limitations.

### III.     Remaining Allegations

The only remaining allegations not subject to a possible time bar are Plaintiff's allegations that "through May 1, 2024," he has been talking with various city and county officials about his traffic stop and racial profiling. (Doc. No. 1, at 9.) But as the court previously explained, complaints about a past event, racial profiling, or bad policing, in general, do not state a claim for a violation of constitutional rights. In order to state a cause of action under 42 U.S.C. § 1983, the

7

complaint must allege that (1) the conduct in controversy was committed by a person acting under color of state law, and (2) the conduct deprived the plaintiff of a federal right, either constitutional or statutory. *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 930 (1982); *Johnson v. Dallas Indep. Sch. Dist.*, 38 F.3d 198, 200 (5th Cir. 1994). In his amended complaint, Plaintiff alleges that the city and county official's failure to get involved shows, by omission, their willingness to cover up racial profiling, pretextual stops, excessive use of force, and false charges. (Doc. No. 6, at 5.) But again, these allegations fail to indicate how *Plaintiff* was deprived of a constitutional right. Indeed, Plaintiff's allegations merely state that he complained to the officials but does not allege any conduct by those individuals in violation of his rights. Thus, even to the extent the court could consider a claim accrued within the statutory period based upon these allegations, the factual allegations fail to state a claim and are therefore subject to dismissal. As Plaintiff has already been given an opportunity to amend and has pleaded his "best case," any further amendment would be futile. *See Norman v. Tex. Court of Criminal Appeals*, 582 F. App'x 430, 431 (Mem) (5th Cir. 2014) (unpublished); *Brewster v. Dretke*, 587 F.3d 764, 767–68 (5th Cir. 2009). Therefore, Plaintiff's claims related to his ongoing complaints to city and county officials should be dismissed with prejudice.

## CONCLUSION

For the reasons stated above, this action should be dismissed pursuant to 28 U.S.C. § 1915(e)(2). The court **RECOMMENDS** that Plaintiff's § 1983 claims against Defendants be **DISMISSED WITHOUT PREJUDICE** as barred by the statute of limitations. Plaintiff's claims related to his ongoing complaints to city and county officials should be **DISMISSED WITH PREJUDICE** for failure to state a claim.

Within fourteen (14) days after receipt of the Magistrate Judge's Report, any party may serve and file written objections to the findings and recommendations contained in the Report. A party's failure to file written objections to the findings, conclusions and recommendations contained in this Report within fourteen (14) days after being served with a copy shall bar that party from *de novo* review by the district judge of those findings, conclusions and recommendations and, except on grounds of plain error, from appellate review of unobjected-to factual findings and legal conclusions accepted and adopted by the district court. *Douglass v. United States Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996).

**So ORDERED and SIGNED this 27th day of June, 2024.**

*[Signature]*
JOHN D. LOVE
UNITED STATES MAGISTRATE JUDGE