UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS

No. 6:24-cv-00207

**Daryl L. Davis,**
*Plaintiff,*

v.

**Don Warren et al.,**
*Defendants.*

# ORDER

Plaintiff Daryl Davis, proceeding pro se, filed this lawsuit complaining of alleged violations of 42 U.S.C. § 1983. Doc. 1. This case was referred to United States Magistrate Judge John D. Love. Doc. 3. On June 11, 2024, the magistrate judge issued an order to amend and directed plaintiff to respond to "whether his complaint should be dismissed as time-barred and whether any tolling provisions apply to the late filing of his complaint." Doc. 4. at 6–7. Thereafter, plaintiff filed an amended complaint (Doc. 6), and on June 27, 2024, the magistrate judge issued a report recommending that plaintiff's § 1983 claims against defendants be dismissed without prejudice as barred by the statute of limitations and that plaintiff's claims related to his ongoing complaints to city and county officials be dismissed with prejudice for failure to state a claim. Doc. 7. Plaintiff filed objections to the report and recommendation (Doc. 11), as well as a motion to recuse the magistrate judge (Doc. 12).

The court reviews the objected-to portions of a report and recommendation de novo. 28 U.S.C. § 636(b)(1). In conducting a de novo review, the court examines the entire record and makes an independent assessment under the law. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

In his objections, plaintiff maintains that his § 1983 claims related to his arrest on February 7, 2019, are not time barred because his criminal case was dismissed pursuant to his plea of *nolo contendere* on May 13, 2024. Doc. 11 at 2–4.

In this case, plaintiff has alleged claims pursuant to § 1983 for unlawful arrest, malicious prosecution, unlawful detention, and excessive use of force all related to his traffic stop, arrest, and detainment that occurred on February 7, 2019, and February 8, 2019. Docs. 1, 6. Plaintiff did not file the instant action until June 10, 2024. Doc. 1.

Federal law does not provide a statute of limitations for 42 U.S.C. § 1983 actions; rather, the relevant statute of the forum state furnishes the limitations period, but federal law determines the date the accrual commences. *See Owens v. Okure*, 488 U.S. 235 (1989). In Texas, claims under § 1983 are governed by Texas's two-year personal-injury limitations statute. Tex. Civ. Prac. & Rem. Code § 16.003(a); *King-White v. Humble Indep. Sch. Dist.*, 803 F.3d 754, 759 (5th Cir. 2015) ("[W]e have recognized that Texas's two-year statute of limitations for personal injury actions applies to § 1983 claims filed in the state.").

Under Fifth Circuit law, "the [limitations] period begins to run 'the moment the plaintiff becomes aware that he has suffered an injury or has sufficient information to know that he has been injured.'" *See Piotrowski v. City of Houston*, 237 F.3d 567, 576 (5th Cir. 2001) (quoting *Russell v. Bd. of Trustees*, 968 F.2d 489, 493 (5th Cir. 1992)).

Here, plaintiff was aware of the facts that he now states provide a claim at the time they occurred over five years ago—that he was allegedly stopped under false pretenses, wrongfully accused of ingesting crack cocaine, and arrested with excessive force. Thus, plaintiff's claims related to his February 7–8, 2019 arrest and detainment are timely only if tolling applies.

Plaintiff relies on *Heck v. Humphrey* as a basis to toll the statute of limitations. In *Heck*, the Supreme Court held that when a plaintiff seeks to recover damages under § 1983 for actions whose unlawfulness would render a conviction or sentence invalid, he must first prove that the conviction or sentence has been reversed, expunged, invalidated, or otherwise called into question. *Heck v. Humphrey*, 512 U.S. 477, 486–87 (1994). Plaintiff was arrested on February 7, 2019;

indicted on September 19, 2019; and convicted of Interference with Public Duties by plea of *nolo contendere* on May 13, 2024. Docs. 6, 6-1, 6-2. *Heck* applies to plaintiff's conviction obtained by a *nolo* plea. *See Hernandez v. Boles*, 184 F.3d 819 (5th Cir. 1999) (applying *Heck* to a conviction obtained by a plea of nolo contendere). Thus, if plaintiff's § 1983 claims call into question his Interference with Public Duties conviction, those claims would indeed be subject to *Heck*. However, *Heck* provides no basis for tolling in this case.

Considering the limitations period in light of *Heck*, in *Wallace v. Kato*, the Court held that "the statute of limitations upon a § 1983 claim seeking damages for a false arrest in violation of the Fourth Amendment, where the arrest is followed by criminal proceedings, begins to run at the time the claimant becomes detained pursuant to legal process." 549 U.S. 384, 397 (2007). The Court further posited that where a suit is filed upon arrest, dismissed pursuant to *Heck*, and then refiled once the *Heck* conditions were met, tolling of time to refile the suit once the *Heck* bar was removed would be appropriate. *Id*. at 395 n.4. But the Court did not find tolling warranted in *Kato* because there, like in the instant case, the petitioner did not file an initial suit upon arrest or at any point during the limitations period. *Id*. at 391–92. Similarly, plaintiff's excessive force claim began to run at the time of his arrest. *See Morill v. City of Denton*, 693 F. App'x 304, 305–06 (5th Cir. 2017) (unpublished).

Here, plaintiff has provided no evidence, and the court can find no indication by a search of its docket, that plaintiff previously brought a suit on his § 1983 claims that was dismissed or stayed pursuant to *Heck* or *Kato*. Thus, even assuming that plaintiff's § 1983 claims would have been prospectively barred by *Heck*, this is not the "unusual case" that fits neatly within the doctrine of equitable tolling.

Plaintiff now further cites *McDonough v. Smith*, 588 U.S. 109 (2019), to suggest that his claim for malicious prosecution is not time barred because he was prosecuted using fabricated evidence and the statute of limitations therefore began to run only when the criminal proceedings terminated in his favor on May 13, 2024. Doc. 11 at 3–4.

Plaintiff's argument and reliance on *McDonough* lack merit because his prosecution ended in a plea of *nolo contendere* and thus did not terminate in his favor. Doc. 6-2; *see Pete v. Metcalfe*, 8 F.3d 214, 219 (5th Cir. 1993) (holding that plaintiff failed to state a claim for malicious prosecution "because his prosecution ended with a plea of *nolo contendere*"). Therefore, plaintiff's objections are without merit, and his claims pursuant to § 1983 for unlawful arrest, malicious prosecution, unlawful detention, and excessive use of force are barred by the statute of limitations.

Regarding his remaining claims, plaintiff states that racial profiling generally violates the Constitution and that Tyler City Council Member Shirley McKellar was personally present on February 11, 2019, when his urinalysis came back negative for illegal drugs. Doc. 11 at 4–5. Plaintiff's specific assertion against defendant McKellar suffers from the same time-bar problems as his § 1983 claims discussed above. Moreover, plaintiff provides nothing more than general assertions that the city and county officials were all put on notice that his constitutional rights were being violated and did nothing. *Id.* at 5. General allegations of racial profiling without specific facts do not state a claim entitled to relief. Even with pro se litigants, "conclusory allegations or legal conclusions masquerading as factual conclusions" are not sufficient. *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378 (5th Cir. 2002) (quoting *S. Christian Leadership Conf. v. Sup. Ct. of the State of La.*, 252 F.3d 781, 786 (5th Cir. 2001)). Plaintiff's conclusory allegations fail to state a claim.

Lastly, through his motion, plaintiff appears to object to the magistrate judge's handling of this suit. Doc. 12. Here, the matter was referred to the magistrate judge pursuant to 28 U.S.C. § 636(b)(1), and the magistrate judge conducted an initial screening of the pleadings pursuant to 28 U.S.C. § 1915. Section 636(b)(1) provides the authority to refer any non-dispositive, pretrial matter to the magistrate judge for determination and to designate a magistrate judge to conduct hearings and to submit proposed findings of fact and recommendations for the disposition of a matter to the district judge. *Jackson v. Cain*, 864 F.2d 1235, 1242 (5th Cir. 1989). The screening of

pleadings pursuant to 28 U.S.C. § 1915 for proposed findings of fact and recommendations is well within the statutory authority granted. Plaintiff's motion (Doc. 12), which the court construes liberally as an additional objection, is therefore baseless.

    Accordingly, plaintiff's objections are overruled, and the court accepts the report and recommendation. Doc. 7. Plaintiff's § 1983 claims related to his February 2019 arrest and subsequent prosecution are dismissed without prejudice as barred by the statute of limitations. Plaintiff's claims related to his ongoing complaints to city and county officials are dismissed with prejudice for failure to state a claim. All pending motions are denied.

*So ordered by the court on August 21, 2024.*

J. CAMPBELL BARKER
United States District Judge